# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VALERIE OATIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 6043 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Valerie Oatis' (Oatis) motion for summary judgment. For the reasons stated below, Oatis' motion for summary judgment is granted and this action is remanded to the Administrative Law Judge (ALJ) for further proceedings consistent with this opinion.

## BACKGROUND

Oatis contends that she has severe impairments of seizure disorder, grand mal, asthma, and certain severe cognitive and depressive disorders. Oatis claims that she frequently suffers from seizures and that although she had been working in 2005, she

1

lost her job after about a month because she had a seizure at work. In August 2007, Oatis filed an application for Supplemental Security Income. Oatis' disability claim was denied in October 2007, and denied upon reconsideration in February 2008. The application then proceeded before an ALJ. On September 21, 2009, a hearing was held before the ALJ (Hearing) and on November 2, 2009, the ALJ issued a decision denying Oatis' disability claim. The ALJ found that Oatis was not disabled because she could perform a significant number of jobs in the national economy. (AR 7-21). Oatis then requested review by the Appeals Council, which was denied on July 23, 2010. Oatis contends that the ALJ erred in her decisions and moves for summary judgment seeking to have this action remanded back to the Commissioner of Social Security (Commissioner) for further proceedings.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), a party can seek judicial review of administrative decisions made under the Social Security Act. When the ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

**DISCUSSION**

Oatis argues that the ALJ failed to make a proper credibility determination regarding Oatis' testimony at the Hearing. Oatis also contends that the ALJ failed to properly analyze Oatis' seizure disorder and failed to conduct a proper analysis in regard to Oatis' residual functional capacity (RFC).

I.  Credibility Determinations of Oatis' Testimony

Oatis argues that the ALJ failed to properly support the record as to the ALJ's credibility findings regarding Oatis' testimony on the topic of the intensity, persistence and limiting effects of her symptoms. While a court on review does "not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner, [the court must] conduct a critical review of the evidence" and ensure that the ALJ "adequately discuss[ed] the issues and [built] an accurate and logical bridge from the evidence to his conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011)(internal quotations omitted)(quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).  In making credibility determinations as to statements in the record, an ALJ must "explain the weight given to" the statements and provide an "explication that would allow th[e] court to understand the weight given to the . . . statements or the

reasons for that consideration as required by SSR 96-7p." *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 788 (7th Cir. 2003); *see also Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008)(stating that "[t]he determination of credibility must contain specific reasons for the credibility finding").

The ALJ recognized that Oatis has serious physical and mental impairments such as her seizure disorder and cognitive disorder. (AR 12). The ALJ acknowledged that Oatis was taken to the emergency room on several occasions for her seizures. (AR 12-13). Defendant, in response to the instant motion also acknowledges that Oatis was taken to the emergency room for seizures on at least 11 occasions between July 2005 and August 2009. (Ans. SJ 10-11). Despite the recognition of Oatis' severe impairments, the ALJ stated as part of her RFC finding that Oatis' "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent that they are inconsistent with the" RFC findings. (AR 17). The ALJ, however, did not explain how Oatis' testimony was inconsistent with the RFC findings. Thus, the ALJ failed to build a logical bridge between the conclusion and the record and failed to provide a proper explanation regarding her credibility assessments of Oatis' testimony.

The ALJ also indicated that she did not believe Oatis to be credible because of certain inconsistencies in the record with Oatis' testimony. For example, the ALJ

pointed out that at the Hearing Oatis testified that she was in special education classes as a child, but that she did not tell the claims representative she had been in special education when filing her disability claim. (AR 17). Although the ALJ concluded that such an inconsistency indicated that Oatis was not a credible witness, the ALJ failed to adequately explain her conclusion in light of the evidence presented by the psychological consultative examiner that indicated that at times Oatis had episodes of memory loss and confusion and diagnosed her with Cognitive Disorder, NOS and Depressive Disorder, NOS. (AR 231, 232). The ALJ herself concluded that Oatis suffers from a severe cognitive disorder and severe depressive disorder and had imitations in concentration. (AR 12). Pursuant to *SSR* 96-7p, "[w]hen evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." *Id.*; *see also Brindisi*, 315 F.3d at 787 (stating that "[i]n evaluating the credibility of statements supporting a Social Security application, . . . an ALJ must comply with the requirements of Social Security Ruling 96-7p"). The record does not reflect that the ALJ gave consideration to the entire case record in evaluating Oatis' testimony.

The ALJ also concluded that Oatis' testimony as to the frequency of urination and bowel movements was not supported by any objective medical evidence and thus

was not credible testimony. (AR 18). However, the ALJ did not explain what type of medical evidence would have been available to corroborate Oatis' testimony regarding urination and bowel movements. The ALJ merely speculated that such evidence should have been presented if Oatis was telling the truth about her urination and bowel movements. In addition, pursuant to *SSR* 96-7p, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.*

The ALJ also stated in a conclusory fashion that there is no evidence that the medication taken by Oatis caused her problems with urination and bowel movements. (AR 18). However, Oatis testified at the Hearing that her physician was planning to change Oatis' medication because of such symptoms. (AR 46-47). The ALJ did not address that portion of the record. (AR 18). The ALJ should have solicited additional information from Oatis' physician concerning that matter to assess whether her physician was changing Oatis' medication simply because of her complaints or because of a legitimate medical basis to conclude that the medication was causing such symptoms. Thus, the ALJ failed to properly conduct a credibility analysis of Oatis' testimony. On remand, Oatis may offer further testimony and the ALJ should conduct a complete credibility assessment of all testimony provided by

Oatis in this matter.

II. Analysis of Seizure Disorder

Oatis contends that the ALJ failed to properly conduct an analysis of her seizure disorder. The ALJ indicated that the frequency of seizures suffered by Oatis was in part due to Oatis' non-compliance with her medication. (AR 18). Although the ALJ concluded that Oatis was not compliant with taking her medication, the ALJ did not address the information provided by Oatis' physician indicating that Oatis was compliant with her medication. (AR 162).

In addition, although the ALJ referenced testimony by Oatis indicating that she sometimes forgot to take her medication, the ALJ did not examine whether there was any reasonable explanation for such memory lapses by Oatis. Pursuant to *SSR 96-7p*, "the individual's statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed *and there are no good reasons for this failure*." *Id.* (emphasis added). Oatis testified at the Hearing that she had trouble remembering to take her medication and as indicated above, the psychological consultative examiner indicated that at times Oatis had episodes of memory loss and confusion and diagnosed her with Cognitive Disorder, NOS and Depressive Disorder, NOS. (AR231, 232). The ALJ also noted that

hospital personnel routinely had to remind Oatis to take her medication. (AR 18). However, the ALJ failed to explore the issue of whether there was a good reason for Oatis' failure to regularly take her medication. While the ALJ could consider non-compliance with medication, the ALJ erred by drawing a negative inference based on such non-compliance without considering potential reasons for the non-compliance. *See Craft*, 539 F.3d at 679 (holding that ALJ improperly drew a negative inference as to credibility from non-compliance with medical care without exploring the reasons for such non-compliance). The ALJ also failed to address the effects of non-compliance with medication on the frequency of Oatis' seizures as required. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)(indicating that it is important to "to address the *effect* of [the claimant's] alleged noncompliance, if any, on the frequency of his seizures")(emphasis in original).

The ALJ also gave the opinion of Oatis' treating physician substantial weight in some regards, but declined to give substantial weight to the physician's representation that Oatis suffered from seizures once a week. (AR 19). The only reason given by the ALJ for the disregard of the physician's report is that "it appears" that the information is solely based on information provided by Oatis. The ALJ, however, cannot base her decision on speculation about the physician's opinion. *See Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004)(stating that

"[a]n ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable"). The frequency of the seizures suffered by Oatis was a key fact in this case, and if the ALJ was unclear as to the underlying basis for the report of the treating physician, it was incumbent on the ALJ to solicit additional evidence on that point. Thus, the ALJ failed to conduct a proper analysis concerning Oatis' seizure disorder.

III. RFC Analysis

Oatis argues that the ALJ failed to conduct a proper RFC analysis. The ALJ concluded that Oatis suffered severe cognitive disorder and severe depressive disorder and that Oatis had moderate restrictions in concentration, persistence, and pace. (AR 12, 16). However, despite those findings, the ALJ failed to account for such limitations in her RFC analysis. In the RFC assessment, the ALJ without adequate explanation concluded that Oatis' limitations limited her to work involving simple routine repetitive tasks. (AR 17). The Seventh Circuit has indicated that "limitations of concentration, persistence, and pace" cannot be sufficiently taken into consideration "by restricting the inquiry to simple, routine tasks" in the RFC inquiry. *Stewart v. Astrue*, 561 F.3d 679, 684 -85 (7th Cir. 2009). The ALJ failed in her RFC analysis to specifically indicate how she accounted for Oatis' limitations in

9

concentration, persistence and pace. The ALJ also erred in not asking the vocational expert hypothetical questions that included limitations relating to concentration, persistence or pace. *See Steele*, 290 F.3d at 942 (stating that "[h]ypothetical questions posed to vocational experts ordinarily must include *all* limitations supported by medical evidence in the record")(emphasis in original).

Defendant also argues that although the ALJ failed to include all of Oatis' limitations in the hypothetical question, the ALJ engaged in alternative phrasing to address such concerns. The Seventh Circuit has held that "an ALJ's hypothetical omitting the terms 'concentration, persistence and pace'" would suffice as long as "it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). However, the ALJ did not engage in the type of alternative phrasing that would have corrected the omissions. Defendant argues that the ALJ also addressed the following limitations: "only occasional interaction with the general public and co-workers; occasional changes in work routine and work setting; likely miss one day per month; and would be off task 10-15% of the workday in addition to normal breaks." (Ans. SJ 14); (AR 16). It is not manifest that addressing such additional topics would be sufficient to overcome the omission of the restrictions on concentration, persistence, and pace. In

addition, as the Seventh Circuit indicated in *O'Connor*, the Court has approved such alterative phrasing "most often. . . when a claimant's limitations were stress- or panic-related and the hypothetical restricted the claimant to low-stress work." 627 F.3d at 619. In Oatis' case, her disorders were not stress or panic-related. It was incumbent on the ALJ to include all of Oatis' limitations in the hypothetical questions that she posed and she failed to do so. Therefore, the ALJ failed to conduct a proper RFC analysis. Based on the above Defendant has not shown that the substantial evidence in the record supports the ALJ's decision or that ALJ applied the proper legal criteria. Therefore, Oatis' motion for summary judgment is granted, the decision of the ALJ is reversed, and this action is remanded for proceedings consistent with this opinion.

## CONCLUSION

Based on the foregoing analysis, Oatis' motion for summary judgment is granted. This matter is remanded to the Administrative Law Judge (ALJ) for further proceedings consistent with this opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 23, 2011