# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6043 | **DATE** | 3/20/2012 |
| **CASE TITLE** | Valerie Oatis vs. Commissioner Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for attorneys' fees [30] is granted in part and denied in part. Plaintiff is awarded attorneys' fees at a rate of $125 per hour. Plaintiff is awarded $190.00 for assistant fees, $4,862.50 for attorneys' fees (38.9 hrs X $125), and $30.73 for costs, for a total award of $5,083.23. Plaintiff also requests that payment be made directly to her counsel. The Government has indicated that as long as Oatis does not owe debts to the Government, it will make such payment directly to Oatis' counsel. (Ans. 9).

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Valerie Oatis' (Oatis) motion for attorneys' fees. Oatis brought the instant action, seeking review of a decision made by the Commissioner of Social Security. On August 23, 2011, this court granted Oatis' motion for summary judgment and ordered this case to be remanded to the Administrative Law Judge for further proceedings consistent with the court's opinion. Oatis now moves as the prevailing party for attorneys' fees.

When a plaintiff who seeks a review of a decision made by the Commissioner of Social Security obtains a remand, the plaintiff is deemed a prevailing party and is entitled to attorneys' fees under the Equal Access to Justice Act (EAJA) "unless 'the position of the United States was substantially justified. . . .'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011)(quoting 28 U.S.C. § 2412(d)(1)(A))(stating, in addition, that "[t]he commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law").

Oatis requests that she be compensated $6,904.38 in attorneys' fees and $30.73 in costs. (Reply 11). Respondent does not contest Oatis' assertion that she is a prevailing party and is entitled to recover attorneys'

| STATEMENT |
|---|

fees and costs. (Ans. 2). Nor does Respondent contest the amount of hours billed and costs incurred that are listed in Oatis' motion. (Ans. 3). Respondent's only objection to the motion for attorneys' fees relates to the hourly rate charged by Oatis' counsel.

Oatis argues that the maximum rate allowed under the EAJA should be adjusted based on an increase in the cost of living since 1996. Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

Oatis' counsel indicates that he charged $180 per hour for the work done in this case. Oatis argues that the $180 hourly rate is justified when considering the increases in the cost of living since 1996 when the rate limit set forth in 28 U.S.C. § 2412(d)(2)(A)(ii) was increased from $75 to $125. Respondent contends that Oatis has not shown that an increase is warranted based on the increases in the cost of living.

The United States Supreme Court has indicated that the "EAJA was designed to address the problem that [f]or many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process." *Astrue v. Ratliff*, 130 S.Ct. 2521, 2530 (2010)(internal quotations omitted)(quoting *Sullivan v. Hudson,* 490 U.S. 877, 883 (1989)). In *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), the Seventh Circuit recently stated that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low" and that "[e]ven at $170 an hour the total fee award would be only" a limited amount. *Id.* at 564. The Court concluded that "it was not improper for the lawyer to request the cost of living increase" even though the lawyer did so for the first time in his reply brief. *Id.* The Court indicated however, that "the cost of living special factor is not automatic," and remanded the case to give the plaintiff's counsel an opportunity to "show that without a cost of living increase that would bring the fee award up to [the requested hourly rate], a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at 565. Based upon the Seventh Circuit's ruling in *Mathews-Sheets*, the court gave Oatis an opportunity to provide the information consistent with the

|  |
|---|
| **STATEMENT** |

Seventh Circuit's ruling. Oatis subsequently filed a memorandum. However, Oatis continues merely to list awards received by her counsel in other cases and argues that based upon the holding in *Mathews-Sheets* alone, $170 per hour is reasonable. Oatis has not made even a minimal effort to show that the cost-of-living factor warrants an increase award consistent with the requirement set forth in *Mathews-Sheets*. Therefore, the motion for attorneys' fees is granted in part and denied in part. Oatis is awarded attorneys' fees at a rate of $125 per hour. Oatis is awarded $190.00 for assistant fees, $4,862.50 for attorneys' fees (38.9 hrs X $125), and $30.73 for costs, for a total award of $5,083.23. Oatis also requests that payment be made directly to her counsel. The Government has indicated that as long as Oatis does not owe debts to the Government, it will make such payment directly to Oatis' counsel. (Ans. 9).